```
_____ FILED          _____ RECEIVED
_____ ENTERED        _____ SERVED ON
            COUNSEL/PARTIES OF RECORD

         JAN - 5 2012

      CLERK US DISTRICT COURT
         DISTRICT OF NEVADA
BY:_____ DEPUTY
```

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
### RENO, NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) 3:10-cr-00109-ECR-RAM |
| Plaintiff, | ) |
| vs. | ) **Order on Jury Instructions** |
| JOSE GUADALUPE ROJAS-GUZMAN, a/k/a Angel, | ) |
| Defendant. | ) |

A copy of the packet of jury instructions given to the jury is attached to this Order as Exhibit A.  The instructions in Exhibit A are in the same sequence as the sequence in which the instructions were presented to the jury.  Each juror received his or her own copy of the instructions in Exhibit A.  The form of instructions received by the jury did not contain any citations or other source references.

A copy of the verdict form is attached to this Order as Exhibit B.  The verdict form was given over objection by both parties.  The jury received on copy of the verdict form, and it was signed, dated, and submitted to the Court.

A copy of the proposed packet of jury instructions is attached to this Order as Exhibit C.  This proposed packet contains all of the instructions that had been proposed by the Court, and those proposed by the parties during the course of the trial.  This packet was never

presented to the jury.   Instead, the Court analyzed the proposed instructions and, after hearing argument from counsel, made rulings regarding the final form of the instructions that were to be given to the jury.   In addition, the parties' and the Court's proposed verdict forms are included.

The Court will now summarize its rulings with respect to the jury instructions.

The following-numbered instructions in Exhibit A were given without modification by stipulation: 1, 5, 7, 8, 12, 19, 21, 22, 23, 24, 26, 27, 28, 30, 31, 34, 36, 39, 41.

The following-numbered instructions in Exhibit A were given as modified by stipulation: 11, 13, 15, 17, 42, 47.

The following-numbered instruction in Exhibit A was given as modified over Plaintiff's objection: 6.

The following-numbered instruction in Exhibit A was given over Plaintiff's objection: 46.

The following-numbered instructions in Exhibit A were given over Defendant's objection: 9, 18, 25, 33, 40.

The following-numbered instructions in Exhibit C were withdrawn by stipulation: 2, 4, 14, 16, 20, 29, 32, 35, 37, 38, 43, 44, 45, 48.

The following-numbered instruction in Exhibit C was rejected over Plaintiffs' objection: 10.

As to Count One in Exhibit B, the jury answered "Guilty" and "Weighing 50 grams or more."   As to Count Two in Exhibit B, the jury answered "Guilty" and "Weighing 50 grams or more."   As to Count Three in Exhibit B, the jury answered "Guilty" and "Weighing 50 grams or more."

1   **IT IS, THEREFORE, HEREBY ORDERED** that the Clerk of the Court

2   shall provide a copy of this Order to counsel for Plaintiff and

3   Defendant.   The Clerk need not provide them with copies of the

4   attached exhibits, however, as the parties were given these exhibits

5   at the time jury instructions were argued and settled.

6

7

8   DATED: January 5, 2012.

9

10

11   UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                    3

1
2
3
4
5
6
7
8                         **Exhibit A**
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1    **INTRODUCTION TO THE FINAL CHARGE**

2    Members of the Jury:

3    Now that you have heard all of the evidence that is to be

4    received in this trial and each of the arguments of counsel it

5    becomes my duty to give you the final instructions of the Court as

6    to the law that is applicable to this case. You should use these

7    instructions to guide you in your decisions.

8    All of the instructions of law given to you by the

9    Court--those given to you at the beginning of the trial, those

10   given to you during the trial, and these final instructions--must

11   guide and govern your deliberations.

12   It is your duty as jurors to follow the law as stated in all

13   of the instructions of the Court and to apply these rules of law to

14   the facts as you find them to be from the evidence received during

15   the trial.

16   Counsel have quite properly referred to some of the applicable

17   rules of law in their closing arguments to you. If, however, any

18   difference appears to you between the law as stated by counsel and

19   that as stated by the Court in these instructions, you, of course,

20   are to be governed by the instructions given to you by the Court.

21   You are not to single out any one instruction alone as stating

22   the law, but must consider the instructions as a whole in reaching

23   your decisions.

24

25

26                              INSTRUCTION NO. 1

27                                Page 1 of 2

28

1    Neither are you to be concerned with the wisdom of any rule of
2    law stated by the Court.  Regardless of any opinion you may have as
3    to what the law ought to be, it would be a violation of your sworn
4    duty to base any part of your verdict upon any other view or
5    opinion of the law other than that given in these instructions of
6    the Court just as it would be a violation of your sworn duty, as
7    the judges of the facts, to base your verdict upon anything but the
8    evidence received in the case.

9    You were chosen as jurors for this trial in order to evaluate
10   all of the evidence received and to decide each of the factual
11   questions presented by the allegations brought by the government in
12   the indictment and the plea of not guilty by defendant Jose
13   Guadalupe Rojas-Guzman.

14   In resolving the issues presented to you for decision in this
15   trial you must not be persuaded by bias, prejudice, or sympathy for
16   or against any of the parties to this case or by any public
17   opinion.

18   Justice--through trial by jury--depends upon the willingness
19   of each individual juror to seek the truth from the same evidence
20   presented to all the jurors here in the courtroom and to arrive at
21   a verdict by applying the same rules of law as now being given to
22   each of you in these instructions of the Court.

23
24
25
26                        INSTRUCTION NO. 1
27                           Page 2 of 2
28

**PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE DOUBT**

I instruct you that you must presume defendant Jose Guadalupe Rojas-Guzman to be innocent of the crime charged. Thus defendant Jose Guadalupe Rojas-Guzman, although accused of crimes in the indictment, begins the trial with a "clean slate"--with no evidence against him. The indictment, as you already know, is not evidence of any kind. Defendant Jose Guadalupe Rojas-Guzman is, of course, not on trial for any act or crime not contained in the indictment. The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charge against defendant Jose Guadalupe Rojas-Guzman. The presumption of innocence alone, therefore, is sufficient to acquit defendant Jose Guadalupe Rojas-Guzman.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. Defendant Jose Guadalupe Rojas-Guzman is not even obligated to produce any evidence by cross-examining the witnesses for the government.

It is not required that the government prove guilt beyond all possible doubt. The test is one of reasonable doubt. A reasonable doubt is a doubt based upon reason and common sense--the kind of doubt that would make a reasonable person hesitate to act. Proof

INSTRUCTION NO. 3

Page 1 of 2

1  beyond a reasonable doubt must, therefore, be proof of such a

2  convincing character that a reasonable person would not hesitate to

3  rely and act upon it in the most important of his or her own

4  affairs.   Unless the government proves, beyond a reasonable doubt,

5  that defendant Jose Guadalupe Rojas-Guzman has committed each and

6  every element of the offense charged in the indictment, you must

7  find defendant Jose Guadalupe Rojas-Guzman not guilty of the

8  offense. If the jury views the evidence in the case as reasonably

9  permitting either of two conclusions--one of innocence, the other

10  of guilt--the jury must, of course, adopt the conclusion of

11  innocence.

INSTRUCTION NO. 2

Page 2 of 2

1  **REASONABLE DOUBT - DEFINED**

2       Proof beyond a reasonable doubt is proof that leaves you

3  firmly convinced defendant Jose Guadalupe Rojas-Guzman is guilty.

4  It is not required that the government prove guilt beyond all

5  possible doubt.

6       A reasonable doubt is a doubt based upon reason and common

7  sense and is not based purely on speculation.  It may arise from a

8  careful and impartial consideration of all the evidence, or from

9  lack of evidence.

10      If after a careful and impartial consideration of all the

11  evidence, you are not convinced beyond a reasonable doubt that

12  defendant Jose Guadalupe Rojas-Guzman is guilty, it is your duty to

13  find defendant Jose Guadalupe Rojas-Guzman not guilty.  On the

14  other hand, if after a careful and impartial consideration of all

15  the evidence, you are convinced beyond a reasonable doubt that

16  defendant Jose Guadalupe Rojas-Guzman is guilty, it is your duty to

17  find defendant Jose Guadalupe Rojas-Guzman guilty.

18

19

20

21

22

23

24

25

26

27

28                            INSTRUCTION NO. 5

## WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits received in evidence.

INSTRUCTION NO. 6

**WHAT IS NOT EVIDENCE**

In reaching your verdict you may consider only the testimony and exhibits received in evidence.  The following things are not evidence and you may not consider them in deciding what the facts are:

1.  Questions, statements, objections, and arguments by the lawyers are not evidence.  The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence.  Similarly, what the lawyers have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.  Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence.  In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3.  Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

INSTRUCTION NO. 7

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

INSTRUCTION NO. 8

**OTHER CRIMES, WRONGS OR ACTS OF DEFENDANT**

You have heard evidence that defendant Jose Guadalupe Rojas-Guzman committed other crimes, wrongs, or acts not charged here. You may consider this evidence only for its bearing, if any, on the question of defendant Jose Guadalupe Rojas-Guzman's intent, motive, opportunity, preparation, plan, knowledge, identity, absence of mistake or accident, and for no other purpose.  You may not consider this evidence as evidence of guilt of the crime for which defendant Jose Guadalupe Rojas-Guzman is now on trial.

INSTRUCTION NO. 9

**JURY TO BE GUIDED BY OFFICIAL ENGLISH**

**TRANSLATION/INTERPRETATION TRANSCRIPT OF RECORDING IN FOREIGN**

**LANGUAGE (ACCURACY IN DISPUTE)**

You have listened to tape recordings in Spanish.  You have been provided transcripts of these recordings.  The transcripts were provided to you by the government so that you could consider the content of the recordings.  The transcripts are an English translation of the foreign language tape recordings.

Whether a transcript is an accurate translation, in whole or in part, is for you to decide.  In considering whether a transcript accurately describes the meaning of a conversation, you should consider the testimony presented to you regarding how, and by whom, the transcript was made.  You may consider the knowledge, training, and experience of the translator, as well as the nature of the conversation and the reasonableness of the translation in light of all the evidence in the case.  You should not rely in any way on any knowledge you may have of the language spoken on the recording; your consideration of the transcripts should be based on the evidence introduced in the trial.

INSTRUCTION NO. 46

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. the witness's opportunity and ability to see or hear or know the things testified to;

2. the witness's memory;

3. the witness's manner while testifying;

4. the witness's interest in the outcome of the case, if any;

5. the witness's bias or prejudice, if any;

6. whether other evidence contradicted the witness's testimony;

7. the reasonableness of the witness's testimony in light of all the evidence; and

8. any other factors that bear on believability.

The weight of the evidence as to a fact does not depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

INSTRUCTION NO. 11

**OPINION EVIDENCE, EXPERT WITNESS**

You have heard testimony from persons who, because of education or experience, were permitted to state opinions and the reasons for their opinions.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

INSTRUCTION NO. 12

## GOVERNMENT'S USE OF UNDERCOVER AGENTS AND INFORMANTS

You have heard testimony about the government's use of informants and confidential sources who were involved in the government's investigation in this case.  Law enforcement officials may engage in stealth and deception, such as the use of informants and confidential sources, in order to investigate criminal activities.

INSTRUCTION NO. 13

1   **TESTIMONY OF WITNESSES INVOLVING SPECIAL CIRCUMSTANCES - IMMUNITY,**

2   **BENEFITS, ACCOMPLICE, PLEA**

3       You have heard testimony from Mario Lopez-Fernandez, a witness

4   who pleaded guilty to a crime arising out of the same events for

5   which defendant Jose Guadalupe Rojas-Guzman is on trial.   This

6   guilty plea is not evidence against defendant Jose Guadalupe Rojas-

7   Guzman, and you may consider it only in determining this witness's

8   believabililty.

9       For this reason, in evaluating the testimony of Mario Lopez-

10  Fernandez, you should consider the extent to which or whether his

11  testimony may have been influenced by this factor.   In addition,

12  you should examine the testimony of Mr. Lopez-Fernandez with

13  greater caution than that of other witnesses.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                        INSTRUCTION NO. 47

**DEFENDANT'S DECISION NOT TO TESTIFY**

A defendant in a criminal case has a constitutional right not to testify. You may not draw any inference of any kind from the fact that defendant Jose Guadalupe Rojas-Guzman did not testify.

INSTRUCTION NO. 15

**ALL PERSONS, ALL MATTERS INVOLVED**

The law does not require the parties to call as witnesses all persons involved in the case who may have been present at any time or place, or who may appear to have some knowledge of the matters at issue in this trial.  Nor does the law require the parties to produce as exhibits, all matters and things mentioned during the course of the trial.

INSTRUCTION NO. 17

**DISPOSITION OF CHARGE AGAINST CODEFENDANTS**

For reasons that do not concern you, the case against the codefendant is not before you.  Do not speculate why.  This fact should not influence your verdicts with reference to the remaining defendant, and you must base your verdicts solely on the evidence against the remaining defendant, Jose Guadalupe Rojas-Guzman.

INSTRUCTION NO. 18

**THE SUPERSEDING INDICTMENT**

THE INDICTMENT CHARGES THAT:

<u>COUNT ONE</u>

Beginning on an unknown date, but not later than September 7, 2010, and continuing up to and including September 11, 2010, in the State and Federal District of Nevada,

JOSE GUADALUPE ROJAS-GUZMAN, a/k/a ANGEL,
and
MARIO ADRIAN LOPEZ-FERNANDEZ, a/k/a MARIO,

defendants herein, did knowingly and intentionally conspire, confederate and agree with each other and Aurelio Nunes-Molina, and with others known and unknown, to possess with intent to distribute and to distribute fifty (50) grams or more of actual methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A); and Title 18, United States Code, Section 2.

<u>COUNT TWO</u>

On or about September 7, 2010, in the State and District of Nevada,

JOSE GUADALUPE ROJAS-GUZMAN, a/k/a ANGEL,
and
MARIO ADRIAN LOPEZ-FERNANDEZ, a/k/a MARIO,

defendants herein, did knowingly distribute fifty (50) grams or more of actual methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A); and Title 18, United States Code, Section 2.

INSTRUCTION NO. 19

1

<u>COUNT THREE</u>

2      On or about September 11, 2010, in the State and District of

3 Nevada,

4                JOSE GUADALUPE ROJAS-GUZMAN, a/k/a ANGEL,
                                    and
5            MARIO ADRIAN LOPEZ-FERNANDEZ, a/k/a MARIO,

6 defendants herein, did knowingly possess with intent to distribute

7 fifty (50) grams or more of actual methamphetamine, its salts,

8 isomers, and salts of its isomers, a Schedule II controlled

9 substance, in violation of Title 21, United States Code, Sections

10 841(a)(1) and (b)(1)(A); and Title 18, United States Code, Section

11 2.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                    INSTRUCTION NO. 19

28

**COUNT ONE – CONSPIRACY – ELEMENTS**

Defendant Jose Guadalupe Rojas-Guzman is charged in Count One of the Superseding Indictment with conspiracy to possess with intent to distribute and to distribute a controlled substance, methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, and 18 U.S.C. § 2. In order for defendant Jose Guadalupe Rojas-Guzman to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

> First: Beginning on an unknown date, but not later than September 7, 2010, and continuing until on or about September 11, 2010, there was an agreement between two or more persons to commit at least one crime as charged in the Superseding Indictment; and

> Second: Defendant Jose Guadalupe Rojas-Guzman joined in the agreement knowing at least one of its objects and intending to help accomplish it.

I shall discuss with you briefly the law relating to each of these elements.

INSTRUCTION NO. 21

Page 1 of 2

A conspiracy is a kind of criminal partnership--an agreement of two or more persons to commit one or more crimes.  The crime is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy.  It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another.  You must find that there was a plan to commit at least one of the crimes alleged in the Superseding Indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy.  Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators.  On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator.  Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

INSTRUCTION NO. 21

Page 2 of 2

**CONTROLLED SUBSTANCE—**

**CONSPIRACY TO DISTRIBUTE OR MANUFACTURE**

**(21 U.S.C. §§ 841(a) and 846)**

Defendant Jose Guadalupe Rojas-Guzman is charged in Count One of the superseding indictment with conspiracy to possess with the intent to distribute methamphetamine in violation of Section 841(a) and Section 846 of Title 21 of the United States Code.  In order for defendant Jose Guadalupe Rojas-Guzman to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

Beginning on an unknown date, but not later than September 7, 2010, and continuing up to and including September 11, 2010, in the State and Federal District of Nevada, there was an agreement between two or more persons to possess with the intent to distribute methamphetamine; and

Second, defendant Jose Guadalupe Rojas-Guzman joined in the agreement knowing of its purpose and intending to help accomplish that purpose.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of methamphetamine to another person, with or without any financial interest in the transaction.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes.  The crime of conspiracy is the agreement to do something unlawful; it does not

INSTRUCTION NO. 22

Page 1 of 2

1  matter whether the crime agreed upon was committed.

2      For a conspiracy to have existed, it is not necessary that the

3  conspirators made a formal agreement or that they agreed on every

4  detail of the conspiracy.  It is not enough, however, that they

5  simply met, discussed matters of common interest, acted in similar

6  ways, or perhaps helped one another.  You must find that there was

7  a plan to commit at least one of the crimes alleged in the

8  indictment as an object or purpose of the conspiracy with all of

9  you agreeing as to the particular crime which the conspirators

10 agreed to commit.

11     One becomes a member of a conspiracy by willfully

12 participating in the unlawful plan with the intent to advance or

13 further some object or purpose of the conspiracy, even though the

14 person does not have full knowledge of all the details of the

15 conspiracy. Furthermore, one who willfully joins an existing

16 conspiracy is as responsible for it as the originators. On the

17 other hand, one who has no knowledge of a conspiracy, but happens

18 to act in a way which furthers some object or purpose of the

19 conspiracy, does not thereby become a conspirator. Similarly, a

20 person does not become a conspirator merely by associating with one

21 or more persons who are conspirators, nor merely by knowing that a

22 conspiracy exists.

23

24

25

26

27                      INSTRUCTION NO. 22

28                         Page 2 of 2

1

2

## CONSPIRACY—KNOWLEDGE OF AND

## ASSOCIATION WITH OTHER CONSPIRATORS

3    A conspiracy may continue for a long period of time and may

4 include the performance of many transactions.  It is not necessary

5 that all members of the conspiracy join it at the same time, and

6 one may become a member of a conspiracy without full knowledge of

7 all the details of the unlawful scheme or the names, identities, or

8 locations of all of the other members.

9    Even though a defendant did not directly conspire with the

10 other defendants or other conspirators in the overall scheme,

11 defendant Jose Guadalupe Rojas-Guzman has, in effect, agreed to

12 participate in the conspiracy if the government proves each of the

13 following beyond a reasonable doubt that:

14    (1) defendant Jose Guadalupe Rojas-Guzman directly conspired

15 with one or more conspirators to carry out at least one of the

16 objects of the conspiracy;

17    (2) defendant Jose Guadalupe Rojas-Guzman or had reason to

18 know that other conspirators were involved with those with whom

19 defendant Jose Guadalupe Rojas-Guzman directly conspired; and

20    (3) defendant Jose Guadalupe Rojas-Guzman had reason to

21 believe that whatever benefits defendant Jose Guadalupe Rojas-

22 Guzman might get from the  conspiracy were probably dependent upon

23 the success of the entire venture.

24    It is not a defense that a person's participation in a

25 conspiracy was minor or for a short period of time.

26

27

28                    INSTRUCTION NO. 23

## CONSPIRACY - DEFINED

A criminal conspiracy is an agreement or a mutual understanding knowingly made or knowingly entered into by at least two people to violate the law by some joint or common plan or course of action.  A conspiracy is, in a very true sense, a partnership in crime.

A conspiracy or agreement to violate the law, like any other kind of agreement or understanding, need not be formal, written, or even expressed directly in every detail.

The government must prove that defendant Jose Guadalupe Rojas-Guzman and at least one other person knowingly and deliberately arrived at some type of agreement or understanding that they, and perhaps others, would violate a law of the United States by means of some common plan or course of action as alleged in Count One of the Superseding Indictment.  It is proof of this conscious understanding and deliberate agreement by the alleged members that should be central to your consideration of the charge of conspiracy.

To prove the existence of a conspiracy or an illegal agreement, the government is not required to produce a written contract between the parties or even produce evidence of an express oral agreement spelling out all of the details of the understanding.  To prove that a conspiracy existed, moreover, the government is not required to show that all of the people named in

INSTRUCTION NO. 24

Page 1 of 2

the Superseding Indictment as members of the conspiracy were, in fact, parties to the agreement, or that all of the members of the alleged conspiracy were named or charged, or that all of the people whom the evidence shows were actually members of a conspiracy agreed to all of the means or methods set out in the Superseding Indictment.

Unless the government proves beyond a reasonable doubt that a conspiracy, as just explained, actually existed, then you must acquit defendant Jose Guadalupe Rojas-Guzman of the charge contained in Count One of the Superseding Indictment.

INSTRUCTION NO. 24

Page 2 of 2

1

**KNOWINGLY—DEFINED**

2      An act is done knowingly if the defendant is aware of the act

3 and does not act or fails to act through ignorance, mistake, or

4 accident.   The government is not required to prove that defendant

5 Jose Guadalupe Rojas-Guzman knew that his acts or omissions were

6 unlawful.   You may consider evidence of defendant Jose Guadalupe

7 Rojas-Guzman's words, acts, or omissions, along with all the other

8 evidence, in deciding whether defendant Jose Guadalupe Rojas-Guzman

9 acted knowingly.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                      INSTRUCTION NO. 25

## ACTS AND DECLARATIONS OF CO-CONSPIRATORS

Evidence has been received in this case that certain persons, who are alleged in Count One of the Superseding Indictment to be co-conspirators of defendant Jose Guadalupe Rojas-Guzman, have done or said things during the existence or life of the alleged conspiracy in order to further or advance its goal.

Such acts and statements of these other individuals may be considered by you in determining whether or not the government has proven the charge in Count One of the Superseding Indictment against defendant Jose Guadalupe Rojas-Guzman.

Since these acts may have been performed and these statements may have been made outside the presence of defendant Jose Guadalupe Rojas-Guzman and even done or said without defendant Jose Guadalupe Rojas-Guzman's knowledge, these acts or statements should be examined with particular care by you before considering them against defendant Jose Guadalupe Rojas-Guzman who did not do the particular act or make the particular statement.

INSTRUCTION NO. 26

## SUCCESS OF CONSPIRACY IMMATERIAL

The government is not required to prove that the parties to or members of the agreement or conspiracy were successful in achieving any or all of the objects of the agreement or conspiracy.

INSTRUCTION NO. 27

1                    **COUNT TWO – DISTRIBUTION – ELEMENTS**

2       Defendant Jose Guadalupe Rojas-Guzman is charged in Count Two

3  of the Superseding Indictment with distribution of 50 grams or more

4  of a controlled substance, methamphetamine, in violation of 21

5  U.S.C. §§ 841(a)(1) and 841(b)(1)(A).  In order for defendant Jose

6  Guadalupe Rojas-Guzman to be found guilty of that charge, the

7  government must prove each of the following elements beyond a

8  reasonable doubt:

9

10          <u>First</u>:     defendant Jose Guadalupe Rojas-Guzman

11                          knowingly distributed

12                          methamphetamine; and

13          <u>Second</u>:    defendant Jose Guadalupe Rojas-Guzman

14                          knew that it was methamphetamine or

15                          some other prohibited drug.

16

17      "Distributing" means delivering or transferring possession of

18  methamphetamine to another person, with or without any financial

19  interest in that transaction.

20      To find defendant Jose Guadalupe Rojas-Guzman guilty of Count

21  Two, the government is not required to prove the amount or quantity

22  of methamphetamine.  It need only prove beyond a reasonable doubt

23  that there was a measurable or detectable amount of

24  methamphetamine.

25

26

27

28                    INSTRUCTION NO. 28

**TO DISTRIBUTE – DEFINED**

The term "to distribute," as used in these instructions, means to deliver or to transfer possession or control of something from one person to another.

The term "to distribute" includes the sale of something by one person to another.

INSTRUCTION NO. 30

**COUNT THREE – POSSESSION – ELEMENTS**

Defendant Jose Guadalupe Rojas-Guzman is charged in Count Three of the Superseding Indictment with possession of a controlled substance, methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).  In order for defendant Jose Guadalupe Rojas-Guzman to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

>
> First:    defendant Jose Guadalupe Rojas-Guzman knowingly possessed methamphetamine; and
>
> Second:  defendant Jose Guadalupe Rojas-Guzman possessed it with the intent to distribute it to another person.

To find defendant Jose Guadalupe Rojas-Guzman guilty of Count Three, the government is not required to prove the amount or quantity of methamphetamine.  It need only prove beyond a reasonable doubt that there was a measurable or detectable amount of methamphetamine.

It does not matter whether defendant Jose Guadalupe Rojas-Guzman knew that the substance was methamphetamine.  It is sufficient that defendant Jose Guadalupe Rojas-Guzman knew that it was some kind of a prohibited drug.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of methamphetamine to another person, with or without any financial interest in the transaction.

INSTRUCTION NO. 31

1

## POSSESSION—DEFINED

2      A person has possession of something if the person knows of
3 its presence and has physical control of it, or knows of its
4 presence and has the power and intention to control it.

5      More than one person can be in possession of something if each
6 knows of its presence and has the power and intention to control
7 it.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                        INSTRUCTION NO. 33

## DETERMINING AMOUNT OF CONTROLLED SUBSTANCE

If you find defendant Jose Guadalupe Rojas-Guzman guilty of the charge in Count One, Two, and/or Three of the Superseding Indictment, you are then to determine whether the government proved beyond a reasonable doubt that the amount of actual methamphetamine equaled or exceeded fifty (50) grams.  Your determination of weight must not include the weight of any packaging material.  Your decision as to weight must be unanimous.

The government does not have to prove that defendant Jose Guadalupe Rojas-Guzman knew the quantity of methamphetamine.

INSTRUCTION NO. 34

**AIDING AND ABETTING**

Defendant Jose Guadalupe Rojas-Guzman may be found guilty of any crime charged in the Superseding Indictment, even if defendant Jose Guadalupe Rojas-Guzman personally did not commit the act or acts constituting the crime but aided and abetted in its commission.  To prove defendant Jose Guadalupe Rojas-Guzman guilty of aiding and abetting, the government must prove beyond a reasonable doubt:

<u>First</u>: the crime charged was committed by someone;

<u>Second</u>: defendant Jose Guadalupe Rojas-Guzman knowingly and intentionally aided, counseled, commanded, induced or procured that person to commit each element of the crime charged; and

<u>Third</u>: defendant Jose Guadalupe Rojas-Guzman acted before the crime was completed.  It is not enough that defendant Jose Guadalupe Rojas-Guzman merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime. The evidence must show beyond a reasonable doubt that defendant Jose Guadalupe Rojas-Guzman acted with the knowledge and intention of helping that person commit the crime charged.

The government is not required to prove precisely which defendant actually committed the crime and which defendant Jose Guadalupe Rojas-Guzman aided and abetted.

INSTRUCTION NO. 36

**MERE PRESENCE**

Mere presence at the scene of a crime or mere knowledge that a crime is being committed is not sufficient to establish that defendant Jose Guadalupe Rojas-Guzman committed the crimes of: Count One, Conspiracy to Possess with Intent to Distribute and to Distribute a Controlled Substance (Methamphetamine); Count Two, Distribution of a Controlled Substance (Methamphetamine); and Count Three, Possession with Intent to Distribute a Controlled Substance (Methamphetamine). Defendant Jose Guadalupe Rojas-Guzman must be a participant and not merely a knowing spectator. Defendant Jose Guadalupe Rojas-Guzman's presence may be considered by the jury along with other evidence in the case.

INSTRUCTION NO. 39

1
2

**8.25   CONSPIRACY—LIABILITY FOR SUBSTANTIVE OFFENSE**

**COMMITTED BY CO-CONSPIRATOR (*PINKERTON* CHARGE)**

3   Each member of the conspiracy is responsible for the actions
4   of the other conspirators performed during the course and in
5   furtherance of the conspiracy.  If one member of a conspiracy
6   commits a crime in furtherance of a conspiracy, the other members
7   have also, under the law, committed that crime.

8   Therefore, you may find defendant Jose Guadalupe Rojas-Guzman
9   guilty of Count Two, distribution of methamphetamine in violation
10  of Section 841(a)(1) and (b)(1)(A) of Title 21 of the United States
11  Code and/or Count Three, possession with the intent to distribute
12  methamphetamine in violation Section 841(a)(1) and (b)(1)(A) of
13  Title 21 of the United States Code, as charged in the superseding
14  indictment if the government has proved each of the following
15  elements beyond a reasonable doubt:

16  First, a person named in Count Two and/or Count Three of the
17  superseding indictment committed the crime of distribution of
18  methamphetamine in violation of Section 841(a)(1) and (b)(1)(A) of
19  Title 21 of the United States Code, and/or possession with the
20  intent to distribute methamphetamine in violation Section 841(a)(1)
21  and (b)(1)(A) of Title 21 of the United States Code, as alleged in
22  that count;

23  Second, the person was a member of the conspiracy charged in
24  Count One of the superseding indictment;

25
26                          INSTRUCTION NO. 40
27                            Page 1 of 2
28

1    Third, the person committed the crime of distribution of

2  methamphetamine in violation of Section 841(a)(1) and (b)(1)(A) of

3  Title 21 of the United States Code and/or possession with the

4  intent to distribute methamphetamine in violation Section 841(a)(1)

5  and (b)(1)(A) of Title 21 of the United States Code as charged in

6  the superseding indictment in furtherance of the conspiracy;

7    Fourth, defendant Jose Guadalupe Rojas-Guzman was a member of

8  the same conspiracy at the time the offense charged in Count Two

9  and/or Count Three was committed; and

10    Fifth, the offense fell within the scope of the unlawful

11  agreement and could reasonably have been foreseen to be a necessary

12  or natural consequence of the unlawful agreement.

13

14

15

16

17

18

19

20

21

22

23

24

25

26                           INSTRUCTION NO. 40

27                              Page 2 of 2

28

**SEPARATE CONSIDERATION OF MULTIPLE COUNTS—SINGLE DEFENDANT**

A separate crime is charged against defendant Jose Guadalupe Rojas-Guzman in each count.  You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

INSTRUCTION NO. 41

**VERDICT - ELECTION OF PRESIDING JUROR - DUTY TO DELIBERATE - UNANIMITY - PUNISHMENT - FORM OF VERDICT - COMMUNICATION WITH THE COURT**

Upon retiring to your jury room to begin your deliberation, you must elect one of your members to act as your presiding juror. The presiding juror will preside over your deliberations and will be your spokesperson here in court.

Your verdict must represent the collective judgment of the jury. In order to return a verdict, it is necessary that each juror agree to it. Your verdict, in other words, must be unanimous as to each count.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement, if you can do so without violence to individual judgment. Each of you must decide the case for himself and herself, but do so only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and to change your opinion if convinced it is erroneous. Do not surrender your honest conviction, however, solely because of the opinion of your fellow jurors or for the mere purpose of thereby being able to return a unanimous verdict.

Remember at all times that you are not partisans. You are judges--judges of the facts of this case. Your sole interest is to seek the truth from the evidence received during the trial.

INSTRUCTION NO. 42

Page 1 of 3

1    Your verdict must be based solely upon the evidence received
2 in the case. Nothing you have seen or read outside of court may be
3 considered. Nothing that I have said or done during the course of
4 this trial is intended in any way to somehow suggest to you what I
5 think your verdict should be. Nothing said in these instructions
6 and nothing in any form of verdict, which has been prepared for
7 your convenience, is to suggest or convey to you in any way or
8 manner any intimation as to what verdict I think you should return.
9 What the verdict shall be is the exclusive duty and responsibility
10 of the jury. As I have told you many times, you are the sole judges
11 of the facts.

12    The punishment provided by law for the offenses charged in the
13 indictment is a matter exclusively within the province of the Court
14 and should never be considered by the jury in any way in arriving
15 at an impartial verdict as to the offenses charged.

16    A form of verdict has been prepared for your convenience.

17    [The form of verdict will be read to the jury.]

18    You will take this form to the jury room and, when you have
19 reached unanimous agreement as to your verdicts, you will have your
20 presiding juror write your verdicts, date and sign the forms, and
21 then return with your verdicts to the courtroom.

22    If it becomes necessary during your deliberations to
23 communicate with the Court, you may send a note through the
24 bailiff, signed by any one of you.  No member of the jury should

25

26                          INSTRUCTION NO. 42

27                            Page 2 of 3

28

1  ever attempt to communicate with the Court except by a signed

2  writing, and the Court will respond to the jury concerning the case

3  only in writing or here in open court.  If you send out a question,

4  the Court will consult with the lawyers before answering it, which

5  may take some time.  You may continue your deliberations while

6  waiting for the answer to any question.

7      You will note from the oath about to be taken by the bailiffs

8  that they too, as well as all other persons, are forbidden to

9  communicate in any way or manner with any member of the jury

10 concerning the evidence, your opinions, or the deliberations.

11     Bear in mind also that you are never to reveal to any

12 person--not even to the Court--how the jury stands, numerically or

13 otherwise, on the question of whether or not the government has

14 sustained its burden of proof until after you have reached a

15 unanimous verdict.

INSTRUCTION NO. 42

Page 3 of 3

1
2
3
4
5
6
7
8                                    **Exhibit B**
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 3:10-cr-00109-ECR-WGC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | VERDICT FORM |
| JOSE GUADALUPE ROJAS-GUZMAN, | ) | |
| Defendant. | ) | |

We, the jury, empaneled in the above-captioned case upon our oath do hereby state that we find the following unanimous verdicts:

Count One

Our verdict as to Count One - Conspiracy to Possess with the Intent to Distribute and to Distribute a Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A) and 846, or Aiding and Abetting in violation of Title 18, United States Code, Section 2, is as follows:

Defendant Jose Guadalupe Rojas-Guzman    _____

(Not Guilty / Guilty)

If you find the defendant not guilty, do not consider the following paragraph, and proceed to the next count. If you find the defendant guilty as charged, proceed to the next paragraph below.

We, the Jury, having found the defendant guilty of the offense charged in Count One of the superseding indictment, further unanimously find that he conspired to possess with intent to distribute methamphetamine in the amount shown (*place an X in the appropriate box*):

2

Actual Methamphetamine–

    (i)      Weighing 50 grams or more                        [  ]

    (ii)     Weighing at least 5 grams but less than 50 grams    [  ]

    (iii)    Weighing less than 5 grams                       [  ]

## Count Two

Our verdict as to Count Two - Distribution of a Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A), or Aiding and Abetting in violation of Title 18, United States Code, Section 2, is as follows:

Defendant Jose Guadalupe Rojas-Guzman         _____

                                        (Not Guilty / Guilty

If you find the defendant not guilty, do not consider the following paragraph, and proceed to the next count.  If you find the defendant guilty as charged, proceed to the next paragraph below.

We, the Jury, having found the defendant guilty of the offense charged in Count Two of the superseding indictment, further unanimously find that he distributed methamphetamine in the amount shown (*place an X in the appropriate box*):

Actual Methamphetamine–

    (i)      Weighing 50 grams or more                        [  ]

    (ii)     Weighing at least 5 grams but less than 50 grams    [  ]

    (iii)    Weighing less than 5 grams                       [  ]

/ / /

/ / /

/ / /

/ / /

1

<u>Count Three</u>

2      Our verdict as to Count Three - Possession with Intent to Distribute a Controlled Substance, in
3  violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A), or Aiding and Abetting in
4  violation of Title 18, United States Code, Section 2, is as follows:

5

6      Defendant Jose Guadalupe Rojas-Guzman          _____
7                                                      (Not Guilty / Guilty

8

9      If you find the defendant not guilty, do not consider the following paragraph, and proceed to the
10  next count.  If you find the defendant guilty as charged, proceed to the next paragraph below.

11

12      We, the Jury, having found the defendant guilty of the offense charged in Count Three of the
13  superseding indictment, further unanimously find that he possessed with the intent to distribute
14  methamphetamine in the amount shown (*place an X in the appropriate box*):

15      Actual Methamphetamine–

16          (i)    Weighing 50 grams or more                             [  ]

17          (ii)   Weighing at least 5 grams but less than 50 grams      [  ]

18          (iii)  Weighing less than 5 grams                            [  ]

19

20

21  DATED:_____          _____
22                                          Presiding Juror

23

24

25

26

27

28

4

1

2

3

4

5

6

7

8                                **Exhibit C**

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States v. Rojas-Guzman

3:10-cr-109-ECR-WGC


Proposed Jury Instructions-All (Pre-Hearing)

### INTRODUCTION TO THE FINAL CHARGE

Members of the Jury:

Now that you have heard all of the evidence that is to be received in this trial and each of the arguments of counsel it becomes my duty to give you the final instructions of the Court as to the law that is applicable to this case. You should use these instructions to guide you in your decisions.

All of the instructions of law given to you by the Court--those given to you at the beginning of the trial, those given to you during the trial, and these final instructions--must guide and govern your deliberations.

It is your duty as jurors to follow the law as stated in all of the instructions of the Court and to apply these rules of law to the facts as you find them to be from the evidence received during the trial.

Counsel have quite properly referred to some of the applicable rules of law in their closing arguments to you. If, however, any difference appears to you between the law as stated by counsel and that as stated by the Court in these instructions, you, of course, are to be governed by the instructions given to you by the Court.

You are not to single out any one instruction alone as stating the law, but must consider the instructions as a whole in reaching your decisions.

INSTRUCTION NO. 1

Page 1 of 2

1  Neither are you to be concerned with the wisdom of any rule of

2  law stated by the Court.  Regardless of any opinion you may have as

3  to what the law ought to be, it would be a violation of your sworn

4  duty to base any part of your verdict upon any other view or

5  opinion of the law other than that given in these instructions of

6  the Court just as it would be a violation of your sworn duty, as

7  the judges of the facts, to base your verdict upon anything but the

8  evidence received in the case.

9  You were chosen as jurors for this trial in order to evaluate

10  all of the evidence received and to decide each of the factual

11  questions presented by the allegations brought by the government in

12  the indictment and the plea of not guilty by Jose Guadalupe Rojas-

13  Guzman.

14  In resolving the issues presented to you for decision in this

15  trial you must not be persuaded by bias, prejudice, or sympathy for

16  or against any of the parties to this case or by any public

17  opinion.

18  Justice--through trial by jury--depends upon the willingness

19  of each individual juror to seek the truth from the same evidence

20  presented to all the jurors here in the courtroom and to arrive at

21  a verdict by applying the same rules of law as now being given to

22  each of you in these instructions of the Court.

23

24  <u>Federal Jury Practice and Instructions, 5th Ed.</u>, § 12.01

25  Court's Proposed Jury Instruction No. 1

26

27  INSTRUCTION NO. 1

28  Page 2 of 2

1  **DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW**

2      Members of the jury, now that you have heard all the evidence,

3  it is my duty to instruct you on the law that applies to this case.

4  A copy of these instructions will be available in the jury room for

5  you to consult.

6      It is your duty to weigh and to evaluate all the evidence

7  received in the case and, in that process, to decide the facts.  It

8  is also your duty to apply the law as I give it to you to the facts

9  as you find them, whether you agree with the law or not.  You must

10  decide the case solely on the evidence and the law and must not be

11  influenced by any personal likes or dislikes, opinions, prejudices,

12  or sympathy.  You will recall that you took an oath promising to do

13  so at the beginning of the case.

14      You must follow all these instructions and not single out some

15  and ignore others; they are all important.  Please do not read into

16  these instructions or into anything I may have said or done any

17  suggestion as to what verdict you should return—that is a matter

18  entirely up to you.

19

20

21

22

23

24  Ninth Circuit Manual of Model Jury Instructions, Criminal, § 3.1

25  (2010)

26  Government's Proposed Instruction No. 1

27

28                  INSTRUCTION NO. 2

**PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE DOUBT**

I instruct you that you must presume the defendant to be innocent of the crime charged. Thus the defendant, although accused of crimes in the indictment, begins the trial with a "clean slate"--with no evidence against him. The indictment, as you already know, is not evidence of any kind. The defendant is, of course, not on trial for any act or crime not contained in the indictment. The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charge against the defendant. The presumption of innocence alone, therefore, is sufficient to acquit the defendant.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. The defendant is not even obligated to produce any evidence by cross-examining the witnesses for the government.

It is not required that the government prove guilt beyond all possible doubt. The test is one of reasonable doubt. A reasonable doubt is a doubt based upon reason and common sense--the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

INSTRUCTION NO. 3

Page 1 of 2

1          Unless the government proves, beyond a reasonable doubt, that
2     the defendant has committed each and every element of the offense
3     charged in the indictment, you must find the defendant not guilty
4     of the offense. If the jury views the evidence in the case as
5     reasonably permitting either of two conclusions--one of innocence,
6     the other of guilt--the jury must, of course, adopt the conclusion
7     of innocence.

24    Federal Jury Practice and Instructions, 5th Ed., § 12.10
25    Court's Proposed Jury Instruction No. 2

27                        INSTRUCTION NO. 3
28                          Page 2 of 2

1

**CHARGE AGAINST DEFENDANT**

2

**NOT EVIDENCE—PRESUMPTION OF**

3

**INNOCENCE—BURDEN OF PROOF**

4   The superseding indictment is not evidence.  The defendant has

5   pleaded not guilty to the charges.  The defendant is presumed to be

6   innocent unless and until the government proves the defendant's

7   guilty beyond a reasonable doubt.  In addition, the defendant does

8   not have to testify or present any evidence to prove innocence.

9   The government has the burden of proving every element of the

10  charges beyond a reasonable doubt.

24  Ninth Circuit Manual of Model Jury Instructions, Criminal, § 3.2

25  (2010)

26  Government's Proposed Instruction No. 2

28                          INSTRUCTION NO. 4

1                      **REASONABLE DOUBT - DEFINED**

2      Proof beyond a reasonable doubt is proof that leaves you

3 firmly convinced the defendant is guilty.  It is not required that

4 the government prove guilt beyond all possible doubt.

5      A reasonable doubt is a doubt based upon reason and common

6 sense and is not based purely on speculation.  It may arise from a

7 careful and impartial consideration of all the evidence, or from

8 lack of evidence.

9      If after a careful and impartial consideration of all the

10 evidence, you are not convinced beyond a reasonable doubt that the

11 defendant is guilty, it is your duty to find the defendant not

12 guilty.  On the other hand, if after a careful and impartial

13 consideration of all the evidence, you are convinced beyond a

14 reasonable doubt that the defendant is guilty, it is your duty to

15 find the defendant guilty.

16

17

18

19

20

21

22

23

24 Ninth Circuit Manual of Model Jury Instructions, Criminal, § 3.5

25 (2010)

26 Government's Proposed Instruction No. 5

27

28                      INSTRUCTION NO. 5

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits received in evidence; and

(3) any facts to which the parties have agreed.

Ninth Circuit Manual of Model Jury Instructions, Criminal, § 3.6 (2010)

Government's Proposed Instruction No. 6

INSTRUCTION NO. 6

**WHAT IS NOT EVIDENCE**

In reaching your verdict you may consider only the testimony and exhibits received in evidence.  The following things are not evidence and you may not consider them in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers are not evidence.  The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence.  Similarly, what the lawyers have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence.  In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Ninth Circuit Manual of Model Jury Instructions, Criminal, § 3.7 (2010)

Government's Proposed Instruction No. 7

INSTRUCTION NO. 7

1  **DIRECT AND CIRCUMSTANTIAL EVIDENCE**

2      Evidence may be direct or circumstantial.  Direct evidence is

3  direct proof of a fact, such as testimony by a witness about what

4  that witness personally saw or heard or did.  Circumstantial

5  evidence is indirect evidence, that is, it is proof of one or more

6  facts from which you can find another fact.

7      You are to consider both direct and circumstantial evidence.

8  Either can be used to prove any fact.  The law makes no distinction

9  between the weight to be given to either direct or circumstantial

10  evidence.  It is for you to decide how much weight to give to any

11  evidence.

24  Ninth Circuit Manual of Model Jury Instructions, Criminal, § 3.8

25  (2010)

26  Government's Proposed Instruction No. 8

28                          INSTRUCTION NO. 8

1              **OTHER CRIMES, WRONGS OR ACTS OF DEFENDANT**

2        You have heard evidence that the defendant committed other

3  crimes, wrongs, or acts not charged here.  You may consider this

4  evidence only for its bearing, if any, on the question of the

5  defendant's intent, motive, opportunity, preparation, plan,

6  knowledge, identity, absence of mistake, absence of accident and

7  for no other purpose.  You may not consider this evidence as

8  evidence of guilt of the crime for which the defendant is now on

9  trial.

24  Ninth Circuit Manual of Model Jury Instructions, Criminal, § 4.3

25  (2010)

26  Government's Proposed Instruction No. 13

28                   INSTRUCTION NO. 9

1                     **JURY TO BE GUIDED BY OFFICIAL**

2              **ENGLISH TRANSLATION/INTERPRETATION**

3      The Spanish language has been used during this trial.

4      The evidence you are to consider is only that provided through

5 the official court interpreters.  Although some of you may know the

6 Spanish language, it is important that all jurors consider the same

7 evidence. Therefore, you must accept the evidence presented in the

8 English interpretation and disregard any different meaning.

23 Ninth Circuit Manual of Model Jury Instructions, Criminal, § 3.19

24 (2010)

25 Government's Proposed Instruction No. 12

27                      INSTRUCTION NO. 10

# CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. the witness's opportunity and ability to see or hear or know the things testified to;

2. the witness's memory;

3. the witness's manner while testifying;

4. the witness's interest in the outcome of the case, if any;

5. the witness's bias or prejudice, if any;

6. whether other evidence contradicted the witness's testimony;

7. the reasonableness of the witness's testimony in light of all the evidence; and

8. any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

Ninth Circuit Manual of Model Jury Instructions, Criminal, § 3.9 (2010)

Government's Proposed Instruction No. 9

INSTRUCTION NO. 11

1              **OPINION EVIDENCE, EXPERT WITNESS**

2         You have heard testimony from persons who, because of

3    education or experience, were  permitted to state opinions and the

4    reasons for their opinions.

5         Such opinion testimony should be judged like any other

6    testimony.  You may accept it or reject it, and give it as much

7    weight as you think it deserves, considering the witness's

8    education and experience, the reasons given for the opinion, and

9    all the other evidence in the case.

24   Ninth Circuit Manual of Model Jury Instructions, Criminal, § 4.14

25   (2010)

26   Government's Proposed Instruction No. 16

28                        INSTRUCTION NO. 12

1 | **GOVERNMENT'S USE OF UNDERCOVER AGENTS AND INFORMANTS**

2 |     You have heard testimony from an undercover agents and informants

3 | who was involved in the government's investigation in this case.  Law

4 | enforcement officials may engage in stealth and deception, such as the

5 | use of informants and undercover agents, in order to investigate

6 | criminal activities.  Undercover agents and informants may use false

7 | names and appearances and assume the roles of members in criminal

8 | organizations.

24 | Ninth Circuit Manual of Model Jury Instructions, Criminal, § 4.10

25 | (2010)

26 | Government's Proposed Instruction No. 15

28 | INSTRUCTION NO. 13

1    **TESTIMONY OF WITNESSES INVOLVING SPECIAL CIRCUMSTANCES—**

2    **IMMUNITY, BENEFITS, ACCOMPLICE, PLEA**

3        You have heard testimony from a Confidential Source, a witness

4    who received compensation from the government in connection with

5    this case.

6        For this reason, in evaluating the testimony of the

7    Confidential Source, you should consider the extent to which or

8    whether his testimony may have been influenced by this factor.   In

9    addition, you should examine the testimony of the Confidential

10   Source with greater caution than that of other witnesses.

24   Ninth Circuit Manual of Model Jury Instructions, Criminal, § 4.9

25   (2010)

26   Government's Proposed Instruction No. 14

28                          INSTRUCTION NO. 14

1                    **DEFENDANT'S DECISION NOT TO TESTIFY**

2        A defendant in a criminal case has a constitutional right not

3   to testify.   You may not draw any inference of any kind from the

4   fact that the defendant did not testify.

24  Ninth Circuit Manual of Model Jury Instructions, Criminal, § 3.3

25  (2010)

26  Government's Proposed Instruction No. 3

28                        INSTRUCTION NO. 15

**DEFENDANT'S DECISION TO TESTIFY**

The defendant has testified.  You should treat this testimony just as you would the testimony of any other witness.

Ninth Circuit Manual of Model Jury Instructions, Criminal, § 3.4 (2010)

Government's Proposed Instruction No. 4

INSTRUCTION NO. 16

**ALL PERSONS, ALL MATTERS INVOLVED**

The law does not require the government to call as witnesses all persons involved in the case who may have been present at any time or place, or who may appear to have some knowledge of the matters at issue in this trial.  Nor does the law require the government to produce as exhibits, all matters and things mentioned during the course of the trial.

*United States v. Snow*, 521 F.2d 730, 736 (9th Cir. 1975)

Government's Proposed Instruction No. 17

INSTRUCTION NO. 17

1

### DISPOSITION OF CHARGE AGAINST CODEFENDANTS

2    For reasons that do not concern you, the case against the

3 codefendant is not before you.  Do not speculate why.  This fact

4 should not influence your verdicts with reference to the remaining

5 defendant, and you must base your verdicts solely on the evidence

6 against the remaining defendant.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24 Ninth Circuit Manual of Model Jury Instructions, Criminal, § 2.14

25 (2010)

26 Government's Proposed Instruction No. 11

27

28                    INSTRUCTION NO. 18

**THE SUPERSEDING INDICTMENT**

THE INDICTMENT CHARGES THAT:

<u>COUNT ONE</u>

Beginning on an unknown date, but not later than September 7, 2010, and continuing up to and including September 11, 2010, in the State and Federal District of Nevada,

JOSE GUADAULPE ROJAS-GUZMAN, a/k/a ANGEL,

and

MARIO ADRIAN LOPEZ-FERNANDEZ, a/k/a MARIO,

defendants herein, did knowingly and intentionally conspire, confederate and agree with each other and Aurelio Nunes-Molina, and with others known and unknown, to possess with intent to distribute and to distribute fifty (50) grams or more of actual methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A); and Title 18, United States Code, Section 2.

<u>COUNT TWO</u>

On or about September 7, 2010, in the State and District of Nevada,

JOSE GUADAULPE ROJAS-GUZMAN, a/k/a ANGEL,
and
MARIO ADRIAN LOPEZ-FERNANDEZ, a/k/a MARIO,

defendants herein, did knowingly distribute fifty (50) grams or more of actual methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A); and Title 18, United States Code, Section 2.

1                              COUNT THREE

2          On or about September 11, 2010, in the State and District of

3    Nevada,

4                    JOSE GUADAULPE ROJAS-GUZMAN, a/k/a ANGEL,
                                        and
5                   MARIO ADRIAN LOPEZ-FERNANDEZ, a/k/a MARIO,

6    defendants herein, did knowingly possess with intent to distribute

7    fifty (50) grams or more of actual methamphetamine, its salts,

8    isomers, and salts of its isomers, a Schedule II controlled

9    substance, in violation of Title 21, United States Code, Sections

10   841(a)(1) and (b)(1)(A); and Title 18, United States Code, Section

11   2.

12

13

14

15

16

17

18

19

20

21

22

23

24   Superseding Indictment (#70)

25   Court's Proposed Jury Instruction No. 3

26

27                          INSTRUCTION NO. 19

28

**THE SUPERSEDING INDICTMENT**

THE INDICTMENT CHARGES THAT:

<u>Count One</u>

Beginning on an unknown date, but not later than September 7, 2010, and continuing up to and including September 11, 2010, in the State and Federal District of Nevada,

JOSE GUADALUPE ROJAS-GUZMAN, a/k/a ANGEL,

and

MARIO ADRIAN LOPEZ-FERNANDEZ, a/k/a MARIO,

Defendants herein, did knowingly and intentionally conspire, confederate and agree with each other and Aurelio Nunes-Molina, and with others known and unknown, to possess with intent to distribute and to distribute fifty (50) grams or more of actual methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance , in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and 846,and Title18, United States Code, Section 2.

<u>Count Two</u>

On or about September 7, 2010, in the State and District of Nevada,

JOSE GUADAULPE ROJAS-GUZMAN, a/k/a ANGEL,

and

MARIO ADRIAN LOPEZ-FERNANDEZ, a/k/a MARIO,

Defendants herein, did knowingly distribute fifty (50) grams or more of actual methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, in violation of Title 2I, United States Code, Sections 841(a)(1) and (b)(1)(A); and Title 18, United States Code, Section 2.

Count Three

On or about September 11, 2010, in the State and District of Nevada,

JOSE GUADAULPE ROJAS-GUZMAN, a/k/a ANGEL,

and

MARIO ADRIAN LOPEZ-FERNANDEZ, a/k/a MARIO,

Defendants herein, did knowingly possess with intent to distribute fifty (50) grams or more of actual methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A), and Title 18, United States Code, Section 2.

Superseding Indictment filed August 10, 2011

Government's Proposed Instruction No. 18

INSTRUCTION NO. 20

1              **COUNT ONE – CONSPIRACY – ELEMENTS**

2       The defendant is charged in Count One of the Superseding

3  Indictment with conspiracy to possess with intent to distribute and

4  to distribute a controlled substance, methamphetamine, in violation

5  of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, and 18 U.S.C. §

6  2.  In order for the defendant to be found guilty of that charge,

7  the Government must prove each of the following elements beyond a

8  reasonable doubt:

9              <u>First</u>:     Beginning on an unknown date, but not

10                          later than September 7, 2010, and

11                          continuing until on or about

12                          September 11, 2010, there was an

13                          agreement between two or more persons

14                          to commit at least one crime as

15                          charged in the Superseding

16                          Indictment; and

17              <u>Second</u>:    The defendant joined in the agreement

18                          knowing at least one of its objects

19                          and intending to help accomplish it.

20       I shall discuss with you briefly the law relating to

21  each of these elements.

22       A conspiracy is a kind of criminal partnership--an agreement

23  of two or more persons to commit one or more crimes.  The crime is

24  the agreement to do something unlawful; it does not matter whether

25  the crime agreed upon was committed.

26

27                          INSTRUCTION NO. 21

28                            Page 1 of 2

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy.  It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another.  You must find that there was a plan to commit at least one of the crimes alleged in the Superseding Indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy.  Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators.  On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator.  Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

9th Circuit Model Criminal Jury Instructions 8.20

Court's Proposed Jury Instruction No. 6

INSTRUCTION NO. 21

Page 2 of 2

**CONTROLLED SUBSTANCE—**

**CONSPIRACY TO DISTRIBUTE OR MANUFACTURE**

**(21 U.S.C. §§ 841(a) and 846)**

The defendant is charged in Count One of the superseding indictment with conspiracy to possess with the intent to distribute methamphetamine in violation of Section 841(a) and Section 846 of Title 21 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

Beginning on an unknown date, but not later than September 7, 2010, and continuing up to and including September 11, 2010, in the State and Federal District of Nevada, there was an agreement between two or more persons to possess with the intent to distribute methamphetamine; and

Second, the defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of methamphetamine to another person, with or without any financial interest in the transaction.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes.  The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy.  It is not enough, however, that they simply met, discussed matters of common interest, acted in similar

1  ways, or perhaps helped one another.  You must find that there was

2  a plan to commit at least one of the crimes alleged in the

3  indictment as an object or purpose of the conspiracy with all of

4  you agreeing as to the particular crime which the conspirators

5  agreed to commit.

6      One becomes a member of a conspiracy by willfully

7  participating in the unlawful plan with the intent to advance or

8  further some object or purpose of the conspiracy, even though the

9  person does not have full knowledge of all the details of the

10 conspiracy. Furthermore, one who willfully joins an existing

11 conspiracy is as responsible for it as the originators. On the

12 other hand, one who has no knowledge of a conspiracy, but happens

13 to act in a way which furthers some object or purpose of the

14 conspiracy, does not thereby become a conspirator. Similarly, a

15 person does not become a conspirator merely by associating with one

16 or more persons who are conspirators, nor merely by knowing that a

17 conspiracy exists.

18

19

20

21

22

23

24 Ninth Circuit Manual of Model Jury Instructions, Criminal, § 9.19

25 (2010) (modified)

26 Government's Proposed Instruction No. 21

27

28                          INSTRUCTION NO. 22

1 **CONSPIRACY—KNOWLEDGE OF AND**

2 **ASSOCIATION WITH OTHER CONSPIRATORS**

3 A conspiracy may continue for a long period of time and may

4 include the performance of many transactions. It is not necessary

5 that all members of the conspiracy join it at the same time, and

6 one may become a member of a conspiracy without full knowledge of

7 all the details of the unlawful scheme or the names, identities, or

8 locations of all of the other members.

9 Even though a defendant did not directly conspire with the

10 other defendants or other conspirators in the overall scheme, the

11 defendant has, in effect, agreed to participate in the conspiracy

12 if the government proves each of the following beyond a reasonable

13 doubt that:

14 (1) the defendant directly conspired with one or more

15 conspirators to carry out at least one of the      objects of the

16 conspiracy;

17 (2) the defendant knew or had reason to know that other

18 conspirators were involved with those    with whom the defendant

19 directly conspired; and

20 (3) the defendant had reason to believe that whatever benefits

21 the defendant might get from the    conspiracy were probably

22 dependent upon the success of the entire venture.

23 It is not a defense that a person's participation in a

24 conspiracy was minor or for a short period of time.

25 Ninth Circuit Manual of Model Jury Instructions, Criminal, § 8.23

26 (2010)

27 Government's Proposed Instruction No. 22

28                    INSTRUCTION NO. 23

1                         **CONSPIRACY - DEFINED**

2      A criminal conspiracy is an agreement or a mutual

3 understanding knowingly made or knowingly entered into by at least

4 two people to violate the law by some joint or common plan or

5 course of action.  A conspiracy is, in a very true sense, a

6 partnership in crime.

7      A conspiracy or agreement to violate the law, like any other

8 kind of agreement or understanding, need not be formal, written, or

9 even expressed directly in every detail.

10      The Government must prove that the defendant and at least one

11 other person knowingly and deliberately arrived at some type of

12 agreement or understanding that they, and perhaps others, would

13 violate a law of the United States by means of some common plan or

14 course of action as alleged in Count One of the Superseding

15 Indictment.  It is proof of this conscious understanding and

16 deliberate agreement by the alleged members that should be central

17 to your consideration of the charge of conspiracy.

18      To prove the existence of a conspiracy or an illegal

19 agreement, the Government is not required to produce a written

20 contract between the parties or even produce evidence of an express

21 oral agreement spelling out all of the details of the

22 understanding.  To prove that a conspiracy existed, moreover, the

23 Government is not required to show that all of the people named in

24

25

26                         INSTRUCTION NO. 24

27                           Page 1 of 2

28

1 the Superseding Indictment as members of the conspiracy were, in

2 fact, parties to the agreement, or that all of the members of the

3 alleged conspiracy were named or charged, or that all of the people

4 whom the evidence shows were actually members of a conspiracy

5 agreed to all of the means or methods set out in the Superseding

6 Indictment.

7       Unless the Government proves beyond a reasonable doubt that a

8 conspiracy, as just explained, actually existed, then you must

9 acquit Defendant Jose Guadalupe Rojas-Guzman of the charge

10 contained in Count One of the Superseding Indictment.

11

12

13

14

15

16

17

18

19

20

21

22

23 Federal Jury Practice and Instructions, § 31:04

24 Court's Proposed Jury Instruction No. 7

25

26                      INSTRUCTION NO. 24

27                        Page 2 of 2

28

1          **KNOWINGLY—DEFINED**

2          An act is done knowingly if the defendant is aware of the act

3     and does not act or fails to act through ignorance, mistake, or

4     accident.   The government is not required to prove that the

5     defendant knew that his acts or omissions were unlawful.   You may

6     consider evidence of the defendant's words, acts, or omissions,

7     along with all the other evidence, in deciding whether the

8     defendant acted knowingly.

24    Ninth Circuit Manual of Model Jury Instructions, Criminal, § 5.6

25    (2010)

26    Government's Proposed Instruction No. 20

28                          INSTRUCTION NO. 25

1             **ACTS AND DECLARATIONS OF CO-CONSPIRATORS**

2        Evidence has been received in this case that certain persons,

3   who are alleged in Count One of the Superseding Indictment to be

4   co-conspirators of Defendant Jose Guadalupe Rojas-Guzman, have done

5   or said things during the existence or life of the alleged

6   conspiracy in order to further or advance its goal.

7        Such acts and statements of these other individuals may be

8   considered by you in determining whether or not the Government has

9   proven the charge in Count One of the Superseding Indictment

10  against Defendant Jose Guadalupe Rojas-Guzman.

11       Since these acts may have been performed and these statements

12  may have been made outside the presence of Defendant and even done

13  or said without the defendant's knowledge, these acts or statements

14  should be examined with particular care by you before considering

15  them against the defendant who did not do the particular act or

16  make the particular statement.

25  Federal Jury Practice and Instructions, § 31:06 (5th Ed.)

26  Court's Proposed Jury Instruction No. 8

28                    INSTRUCTION NO. 26

1

**SUCCESS OF CONSPIRACY IMMATERIAL**

2  The Government is not required to prove that the parties to or
3  members of the agreement or conspiracy were successful in achieving
4  any or all of the objects of the agreement or conspiracy.

24  Federal Jury Practice and Instructions, § 31:08 (5th Ed.).
25  Court's Proposed Jury Instruction No. 9

27  INSTRUCTION NO. 27

**COUNT TWO – DISTRIBUTION – ELEMENTS**

The defendant is charged in Count Two of the Superseding Indictment with distribution of 50 grams or more of a controlled substance, methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).  In order for the defendant to be found guilty of that charge, the Government must prove each of the following elements beyond a reasonable doubt:

<u>First</u>:    the defendant knowingly distributed methamphetamine; and

<u>Second</u>:   the defendant knew that it was methamphetamine or some other prohibited drug.

"Distributing" means delivering or transferring possession of methamphetamine to another person, with or without any financial interest in that transaction.

To find the defendant guilty of Count Two, the government is not required to prove the amount or quantity of methamphetamine. It need only prove beyond a reasonable doubt that there was a measurable or detectable amount of methamphetamine.

<u>9th Circuit Model Criminal Jury Instructions</u> § 9.18 (modified)
Court's Proposed Jury Instruction No. 10

INSTRUCTION NO. 28

**CONTROLLED SUBSTANCE—**

**DISTRIBUTION OR MANUFACTURE**

**(21 U.S.C. § 841(a)(1))**

Defendant is charged in Count Two of the indictment with distribution of methamphetamine in violation of Section 841(a)(1) of Title 21 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:  First, the defendant knowingly distributed methamphetamine; and

Second, the defendant knew that it was methamphetamine or some other prohibited drug.

"Distributing" means delivering or transferring possession of methamphetamine to another person, with or without any financial interest in that transaction.

Ninth Circuit Manual of Model Jury Instructions, Criminal, § 9.18 (2010) (modified)

Government's Proposed Instruction No. 24

INSTRUCTION NO. 29

1

**TO DISTRIBUTE – DEFINED**

2      The term "to distribute", as used in these instructions, means
3 to deliver or to transfer possession or control of something from
4 one person to another.

5      The term "to distribute" includes the sale of something by one
6 person to another.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24 Federal Jury Practice and Instruction, § 64:04 (5th Ed.)

25 Court's Proposed Jury Instruction No. 11

26

27                              INSTRUCTION NO. 30

28

**COUNT THREE – POSSESSION – ELEMENTS**

The defendant is charged in Count Three of the Superseding Indictment with possession of a controlled substance, methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).  In order for the defendant to be found guilty of that charge, the Government must prove each of the following elements beyond a reasonable doubt:

First:    the defendant knowingly possessed methamphetamine; and

Second:   the defendant possessed it with the intent to distribute it to another person.

To find the defendant guilty of Count Three, the government is not required to prove the amount or quantity of methamphetamine. It need only prove beyond a reasonable doubt that there was a measurable or detectable amount of methamphetamine.

It does not matter whether the defendant knew that the substance was methamphetamine.  It is sufficient that the defendant knew that it was some kind of a prohibited drug.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of methamphetamine to another person, with or without any financial interest in the transaction.

9th Circuit Model Criminal Jury Instructions § 9.15 (modified)
Court's Proposed Jury Instruction No. 12

INSTRUCTION NO. 31

**CONTROLLED SUBSTANCE—**

**POSSESSION WITH INTENT TO DISTRIBUTE**

**(21 U.S.C. § 841(a)(1))**

Defendant is charged in Count Three of the indictment with possession of methamphetamine with intent to distribute in violation of Section 841(a)(1) of Title 21 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed methamphetamine; and

Second, the defendant possessed it with the intent to distribute it to another person.

It does not matter whether the defendant knew that the substance was methamphetamine.  It is sufficient that the defendant knew that it was some kind of a prohibited drug.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of methamphetamine to another person, with or without any financial interest in the transaction.

Ninth Circuit Manual of Model Jury Instructions, Criminal, § 9.15 (2010) (modified)

Government's Proposed Instruction No. 25

INSTRUCTION NO. 32

1          **POSSESSION—DEFINED**

2          A person has possession of something if the person knows of

3    its presence and has physical control of it, or knows of its

4    presence and has the power and intention to control it.

5          More than one person can be in possession of something if each

6    knows of its presence and has the power and intention to control

7    it.

24   Ninth Circuit Manual of Model Jury Instructions, Criminal, § 3.17

25   (2010)

26   Government's Proposed Instruction No. 26

28                    INSTRUCTION NO. 33

**DETERMINING AMOUNT OF CONTROLLED SUBSTANCE**

If you find the defendant guilty of the charge in Count One, Two, and/or Three of the Superseding Indictment, you are then to determine whether the government proved beyond a reasonable doubt that the amount of methamphetamine equaled or exceeded fifty (50) grams.  Your determination of weight must not include the weight of any packaging material.  Your decision as to weight must be unanimous.

The government does not have to prove that the defendant knew the quantity of methamphetamine.

9th Circuit Model Criminal Jury Instructions § 9.16 (modified)

Court's Proposed Jury Instruction No. 13

INSTRUCTION NO. 34

1        **DETERMINING AMOUNT OF CONTROLLED SUBSTANCE**

2        If you find the defendant guilty of Counts One, Two, or Three

3   of the indictment, you are then to determine whether the government

4   proved beyond a reasonable doubt that the amount of methamphetamine

5   equaled or exceeded the weights as specified in the indictment.

6   Your determination of weight must not include the weight of any

7   packaging material. Your decision as to weight must be unanimous.

8        The government does not have to prove that the defendant knew

9   the quantity of methamphetamine.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24  Ninth Circuit Manual of Model Jury Instructions, Criminal, § 9.16

25  (2010)

26  Government's Proposed Instruction No. 27

27

28                          INSTRUCTION NO. 35

## AIDING AND ABETTING

A defendant may be found guilty of any crime charged in the Superseding Indictment, even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission.  To prove defendant guilty of aiding and abetting, the government must prove beyond a reasonable doubt:

First: the crime charged was committed by someone;

Second: the defendant knowingly and intentionally aided, counseled, commanded, induced or procured that person to commit each element of the crime charged; and

Third: the defendant acted before the crime was completed.  It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime.  The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit the crime charged.

The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

9th Circuit Model Criminal Jury Instructions 5.1
Court's Proposed Jury Instruction No. 4

INSTRUCTION NO. 36

**AIDING AND ABETTING**

A person may violate the law even though he or she does not personally do each and every act constituting the offense if that person "aided and abetted" the commission of the offense.  Title 18 U.S.C. § 2(a) provides:

> Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

Before a defendant may be held responsible for aiding and abetting others in the commission of a crime, it is necessary that the government prove beyond a reasonable doubt that the defendant knowingly and deliberately associated himself in some way with the crime charged and participated in it with the intent to commit the crime.

In order to be found guilty of aiding and abetting the commission of any of the crimes charged in Counts One, Two, and/or Three of the Superseding Indictment, the government must prove beyond a reasonable doubt that Defendant:

> One, knew that the crime charged was to be committed or was being committed;
>
> Two, knowingly did some act for the purpose of aiding, commanding, and/or encouraging the commission of that crime; and

INSTRUCTION NO. 37

Page 1 of 2

1      <u>Three</u>, acted with the intention of causing the crime

2      charged to be committed.

3

4      Before Defendant may be found guilty as an aider or abettor to

5 the crime, the government must also prove, beyond a reasonable

6 doubt, that some person or persons committed each of the essential

7 elements of the offense or offenses charged as detailed for you in

8 other instructions.

9      Merely being present at the scene of the crime or merely

10 knowing that a crime is being committed or is about to be committed

11 is not sufficient conduct for the jury to find that a defendant

12 aided and abetted the commission of that crime.

13      The government must prove that Defendant knowingly associated

14 himself with the crime in some way as a participant - someone who

15 wanted the crime to be committed - not as a mere spectator.

16

17

18

19

20

21

22

23 <u>Federal Jury Practice and Instructions</u>, § 18:01

24 Court's Proposed Jury Instruction No. 5

25

26                         INSTRUCTION NO. 37

27                              Page 2 of 2

28

**AIDING AND ABETTING**

A defendant may be found guilty of Counts One, Two and/or Three, even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To prove a defendant guilty of aiding and abetting, the government must prove beyond a reasonable doubt:

First, Count One, Two and/or Three was committed by someone;

Second, the defendant knowingly and intentionally aided, counseled, commanded, induced or procured that person to commit each element of Count One, Two, and/or Three; and

Third, the defendant acted before the crime was completed.  It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime.  The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit Count One, Two, and/or Three.

The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

Ninth Circuit Manual of Model Jury Instructions, Criminal, § 5.1 (2010)

Government's Proposed Instruction No. 19

INSTRUCTION NO. 38

**MERE PRESENCE**

Mere presence at the scene of a crime or mere knowledge that a crime is being committed is not sufficient to establish that the defendant committed the crimes of: Count One, Conspiracy to Possess with Intent to Distribute and to Distribute a Controlled Substance (Methamphetamine); Count Two, Distribution of a Controlled Substance (Methamphetamine); Count Three, Possession with Intent to Distribute a Controlled Substance (Methamphetamine), and Count Four, Aiding and Abetting, Counts One through Three. The defendant must be a participant and not merely a knowing spectator. The defendant's presence may be considered by the jury along with other evidence in the case.

9th Cir. Crim. Jury Instr. 6.10 (2010)

Defendant's Proposed Instruction No. 1

INSTRUCTION NO. 39

1    **8.25   CONSPIRACY—LIABILITY FOR SUBSTANTIVE OFFENSE**

2    **COMMITTED BY CO-CONSPIRATOR (*PINKERTON* CHARGE)**

3    Each member of the conspiracy is responsible for the actions

4    of the other conspirators performed during the course and in

5    furtherance of the conspiracy.  If one member of a conspiracy

6    commits a crime in furtherance of a conspiracy, the other members

7    have also, under the law, committed that crime.

8    Therefore, you may find the defendant guilty of Count Two,

9    distribution of methamphetamine in violation of Section 841(a)(1)

10   and (b)(1)(A) of Title 21 of the United States Code and/or Count

11   Three, possession with the intent to distribute methamphetamine in

12   violation Section 841(a)(1) and (b)(1)(A) of Title 21 of the United

13   States Code, as charged in the superseding indictment if the

14   government has proved each of the following elements beyond a

15   reasonable doubt:

16   First, a person named in Count Two and/or Count Three of the

17   superseding indictment committed the crime of distribution of

18   methamphetamine in violation of Section 841(a)(1) and (b)(1)(A) of

19   Title 21 of the United States Code, and/or possession with the

20   intent to distribute methamphetamine in violation Section 841(a)(1)

21   and (b)(1)(A) of Title 21 of the United States Code, as alleged in

22   that count;

23   Second, the person was a member of the conspiracy charged in

24   Count One of the superseding indictment;

25   Third, the person committed the crime of distribution of

26   methamphetamine in violation of Section 841(a)(1) and (b)(1)(A) of

27   Title 21 of the United States Code and/or possession with the

28   intent to distribute methamphetamine in violation Section 841(a)(1)

1  and (b)(1)(A) of Title 21 of the United States Code as charged in

2  the superseding indictment in furtherance of the conspiracy;

3      Fourth, the defendant was a member of the same conspiracy at

4  the time the offense charged in Count Two and/or Count Three was

5  committed; and

6      Fifth, the offense fell within the scope of the unlawful

7  agreement and could reasonably have been foreseen to be a necessary

8  or natural consequence of the unlawful agreement.

23  Ninth Circuit Manual of Model Jury Instructions, Criminal, § 8.25

24  (2010)

25  Government's Proposed Instruction No. 23

27                        INSTRUCTION NO. 40

**SEPARATE CONSIDERATION OF MULTIPLE COUNTS—SINGLE DEFENDANT**

A separate crime is charged against the defendant in each count.   You must decide each count separately.   Your verdict on one count should not control your verdict on any other count.

Ninth Circuit Manual of Model Jury Instructions, Criminal, § 3.11 (2010)

Government's Proposed Instruction No. 10

INSTRUCTION NO. 41

**VERDICT - ELECTION OF PRESIDING JUROR - DUTY TO DELIBERATE -**
**UNANIMITY - PUNISHMENT - FORM OF VERDICT - COMMUNICATION WITH THE**
**COURT**

Upon retiring to your jury room to begin your deliberation, you must elect one of your members to act as your presiding juror. The presiding juror will preside over your deliberations and will be your spokesperson here in court.

Your verdict must represent the collective judgment of the jury. In order to return a verdict, it is necessary that each juror agree to it. Your verdict, in other words, must be unanimous as to each count.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement, if you can do so without violence to individual judgment. Each of you must decide the case for himself and herself, but do so only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and to change your opinion if convinced it is erroneous. Do not surrender your honest conviction, however, solely because of the opinion of your fellow jurors or for the mere purpose of thereby being able to return a unanimous verdict.

Remember at all times that you are not partisans. You are judges--judges of the facts of this case. Your sole interest is to seek the truth from the evidence received during the trial.

INSTRUCTION NO. 42

Page 1 of 3

Your verdict must be based solely upon the evidence received in the case. Nothing you have seen or read outside of court may be considered. Nothing that I have said or done during the course of this trial is intended in any way to somehow suggest to you what I think your verdict should be. Nothing said in these instructions and nothing in any form of verdict, which has been prepared for your convenience, is to suggest or convey to you in any way or manner any intimation as to what verdict I think you should return. What the verdict shall be is the exclusive duty and responsibility of the jury. As I have told you many times, you are the sole judges of the facts.

The punishment provided by law for the offenses charged in the indictment is a matter exclusively within the province of the Court and should never be considered by the jury in any way in arriving at an impartial verdict as to the offenses charged.

A form of verdict has been prepared for your convenience.

[The form of verdict will be read to the jury.]

You will take this form to the jury room and, when you have reached unanimous agreement as to your verdicts, you will have your presiding juror write your verdicts, date and sign the forms, and then return with your verdicts to the courtroom.

If it becomes necessary during your deliberations to communicate with the Court, you may send a note, signed by your presiding juror or by one or more members of the jury, through the

INSTRUCTION NO. 42

Page 2 of 3

1   bailiff. No member of the jury should ever attempt to communicate
2   with the Court by any means other than a signed writing and the
3   Court will never communicate with any member of the jury concerning
4   the evidence, your opinions, or the deliberations other than in
5   writing or orally here in open court.
6        You will note from the oath about to be taken by the bailiffs
7   that they too, as well as all other persons, are forbidden to
8   communicate in any way or manner with any member of the jury
9   concerning the evidence, your opinions, or the deliberations.
10       Bear in mind also that you are never to reveal to any
11  person--not even to the Court--how the jury stands, numerically or
12  otherwise, on the question of whether or not the government has
13  sustained its burden of proof until after you have reached a
14  unanimous verdict.

24  Federal Jury Practice and Instructions, 5th Ed., § 20.01
25  Court's Proposed Jury Instruction No. 14

27                      INSTRUCTION NO. 42
28                         Page 3 of 3

1                          **CLOSING INSTRUCTION**

2          When you retire, you should elect one member of the jury as

3      your foreperson.  That person will preside over the deliberations

4      and speak for you here in court.

5          You will then discuss the case with your fellow jurors to

6      reach agreement if you can do so.  Your verdict, whether guilty or

7      not guilty, must be unanimous.

8          Each of you must decide the case for yourself, but you should

9      do so only after you have considered all the evidence, discussed it

10     fully with the other jurors, and listened to the views of your

11     fellow jurors.

12         Do not be afraid to change your opinion if the discussion

13     persuades you that you should.  But do not come to a decision

14     simply because other jurors think it is right.

15         It is important that you attempt to reach a unanimous verdict

16     but, of course, only if each of you can do so after having made

17     your own conscientious decision.  Do not change an honest belief

18     about the weight and effect of the evidence simply to reach a

19     verdict.

20         Your verdict must be based solely on the evidence and on the

21     law as I have given it to you in these instructions.  However,

22     nothing that I have said or done is intended to suggest what your

23     verdict should be -- that is entirely for you to decide.

24

25

26                          INSTRUCTION NO.  43

27                             Page 1 of 2

28

1    The arguments and statements of the attorneys are not
2 evidence.  If you remember the facts differently from the way the
3 attorneys have stated them, you should base your decision on what
4 you remember.

5    After you have reached unanimous agreement on a verdict, your
6 foreperson will fill in the verdict forms that have been given to
7 you, sign and date them and advise the marshal outside your door
8 that you are ready to return to the courtroom.

9    If it becomes necessary during your deliberations to
10 communicate with me, you may send a note through the marshal or
11 bailiff, signed by your foreperson or by one or more members of the
12 jury.  No member of the jury should attempt to communicate with me
13 except by a signed writing, and I will communicate with any member
14 of the jury on anything concerning the case only in writing, or
15 orally here in open court.  Remember that you are not to tell
16 anyone -- including me -- how the jury stands, numerically or
17 otherwise, on the question of the innocence or guilt of the
18 defendant, until after you have reached a unanimous verdict or have
19 been discharged.

20
21
22
23
24 Stock instruction used in this District.
25 Government's Proposed Instruction No. 28
26
27                         INSTRUCTION NO. 43
28                            Page 2 of 2

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.In considering the testimony of any witness, you may take into account:

(1) the witness's opportunity and ability to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's tesitmony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of

witnesses who testify.  What is important is how believable the witnesses were, and how much

weight you think their testimony deserves.


Defendant's Proposed Instruction No. 3

9th Cir. Crim. Jury Instr. 3.9 (2010)


Instruction No. 44

**TESTIMONY OF WITNESSES INVOLVING SPECIAL CIRCUMSTANCES-IMMUNITY, BENEFITS, ACCOMPLICE, PLEA**

You have heard testimony from [*name of witness*]. That testimony was given in exchange for a promise by the government that the witness; received benefits, compensation and favored treatment from the government in connection with this case; admitted being an accomplice to the crime charge.  An accomplice is one who voluntarily and intentionally joins with another person in committing a crime. The witness pleaded guilty to a crime arising out of the same events for which the defendant is on trial. This guilty plea is not evidence against the defendant, and you may consider it only in determining this witness's believability. For these reasons, in evaluating the testimony of [*name of witness*], you should consider the extent to which or whether his testimony may have been influenced by any of these factors. In addition, you should examine the testimony of this witness with greater caution than that of other witnesses.

Defendant's Proposed Instruction No. 2

9th Cir. Crim. Jury Instr. 4.9 (2010)

Instruction No. 45

**JURY TO BE GUIDED BY OFFICIAL ENGLISH TRANSLATION/INTERPRETATION TRANSCRIPT OF RECORDING IN FOREIGN LANGUAGE (ACCURACY IN DISPUTE)**

You have listened to tape recording in Spanish.  You have been provided transcripts of these recordings. The transcripts were provided to you by the government so that you could consider the content of the recordings. The transcripts are an English translation of the foreign language tape recordings.

Whether a transcript is an accurate translation, in whole or in part, is for you to decide. In considering whether a transcript accurately describes the meaning of a conversation, you should consider the testimony presented to you regarding how, and by whom, the transcript was made. You may consider the knowledge, training, and experience of the translator, as well as the nature of the conversation and the reasonableness of the translation in light of all the evidence in the case. You should not rely in any way on any knowledge you may have of the language spoken on the recording; your consideration of the transcripts should be based on the evidence introduced in the trial.

*United States v. Jordan*, 223 F.3d 676, 689 (7th Cir. 2000).  See also Seventh Circuit Federal Criminal Jury Instructions, § 3.18. (modified)

Defendant Proposed Instruction No. 4

Instruction No. 46

**Testimony of Witnesses Involving Special Circumstances – Immunity, Benefits, Accomplice, Plea**

You have heard testimony from Mario Lopez-Fernandez, a witness who pleaded guilty to a crime arising out of the same events for which Mr. Rojas-Guzman is on trial. This guilty plea is not evidence against defendant Jose Rojas-Guzman, and you may consider it only in determining this witness's believability.

For this reason, in evaluating the testimony of defendant Jose Lopez-Fernandez, you should consider the extent to which or whether his testimony may have been influenced by this factor. In addition, you should examine the testimony of Mr. Lopez-Fernandez with greater cuation than that of other witnesses.

Ninth Circuit Manual of Model Jury Instructions, Criminal § 4.9 (2010) (modified)

Defendant's Proposed Instruction No. 5

Instruction No. 47

1          COMMUNICATION WITH THE COURT

2       If it becomes necessary during your deliberations to

3  communicate with me, you may send a note through the bailiff,

4  signed by any one or more of you. No member of the jury should ever

5  attempt to communicate with me except by a signed writing, and I

6  will respond to the jury concerning the case only in writing or

7  here in open court. If you send out a question, I will consult with

8  the lawyers before answering it, which may take some time. You may

9  continue your deliberations while waiting for the answer to any

10  question.

24  Ninth Circuit Manual of Model Jury Instructions, Criminal, § 7.6

25  (modified)

26  Defendant's Proposed Instruction No. 6

27                    Instruction No. 48

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

UNITED STATES OF AMERICA,                 )      3:10-CR-00109-ECR-RAM
                                          )
        Plaintiff,                        )      **COURT'S PROPOSED**
                                          )      **VERDICT FORM 1**
vs.                                       )
                                          )
JOSE GUADALUPE ROJAS-GUZMAN,              )
                                          )
        Defendant.                        )
                                          )
_____ )

        We, the jury in the above entitled case, upon our oaths, do say:

**COUNT ONE - CONSPIRACY TO POSSESS WITH INTENT TO DISTRIBUTE AND TO DISTRIBUTE A CONTROLLED SUBSTANCE (METHAMPHETAMINE)**

1. As to Count One, Conspiracy to Possess with the Intent to Distribute and to Distribute a Controlled Substance, we, the Jury, find the Defendant, Jose Guadalupe Rojas-Guzman, either as a principal or through aiding and abetting, (place an X in the appropriate box):


[ ] NOT GUILTY

[ ] GUILTY


        If you find the defendant not guilty, do not consider paragraph 2 below, but proceed to Count Two.  If you find the defendant guilty as charged, proceed to paragraph 2 below.

1 2. We, the Jury, having found the defendant guilty of the offense

2 charged in Count One, further unanimously find that he conspired to

3 possess with intent to distribute methamphetamine in the amount

4 shown (place an X in the appropriate box):

5

6 Pure Methamphetamine –

7 [ ]   Weighing 50 grams or more

8 [ ]   Weighing at least 5 grams but less than 50 grams

9 [ ]   Weighing less than 5 grams

10

11

12 **COUNT TWO – DISTRIBUTION OF A CONTROLLED SUBSTANCE (METHAMPHETAMINE)**

13 1. As to Count Two, Distribution of a Controlled Substance, we, the

14 Jury, find the Defendant, Jose Guadalupe Rojas-Guzman, either as a

15 principal or through aiding and abetting, (place an X in the

16 appropriate box):

17

18 [ ] NOT GUILTY

19 [ ] GUILTY

20

21     If you find the defendant not guilty, do not consider paragraph

22 2 below, but proceed to Count Three.  If you find the defendant

23 guilty as charged, proceed to paragraph 2 below.

24

25 2. We, the Jury, having found the defendant guilty of the offense

26 charged in Count Two, further unanimously find that he distributed

27

28                                          2

1 methamphetamine in the amount shown (place an X in the appropriate

2 box):

3

4 Pure Methamphetamine -

5 [ ]   Weighing 50 grams or more

6 [ ]   Weighing at least 5 grams but less than 50 grams

7 [ ]   Weighing less than 5 grams

8

9    **COUNT THREE - POSSESSION WITH INTENT TO DISTRIBUTE A CONTROLLED
    SUBSTANCE (METHAMPHETAMINE)**

10

11 1. As to Count Three, Possession with Intent to Distribute a

Controlled Substance, we, the Jury, find the Defendant, Jose

12 Guadalupe Rojas-Guzman, either as a principal or through aiding and

13 abetting, (place an X in the appropriate box):

14

15 [ ] NOT GUILTY

16 [ ] GUILTY

17

18     If you find the defendant not guilty, do not consider paragraph

19 2 below, and your presiding juror should sign and date the form.  If

20 you find the defendant guilty as charged, proceed to paragraph 2

21 below.

22

23 2. We, the Jury, having found the defendant guilty of the offense

24 charged in Count Three, further unanimously find that he possessed

25 with intent to distribute methamphetamine in the amount shown (place

26 an X in the appropriate box):

27

28                               3

Pure Methamphetamine –

[ ]   Weighing 50 grams or more

[ ]   Weighing at least 5 grams but less than 50 grams

[ ]   Weighing less than 5 grams


                        DATED this _____ day of December, 2011.


                        _____
                        Presiding Juror

4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEVADA

UNITED STATES OF AMERICA,                    )      3:10-CR-00109-ECR-RAM
                                             )
        Plaintiff,                           )      **COURT'S PROPOSED**
                                             )      **VERDICT FORM 2**
vs.                                          )
                                             )
JOSE GUADALUPE ROJAS-GUZMAN,                 )
                                             )
        Defendant.                           )
                                             )
_____)

      We, the jury in the above entitled case, upon our oaths, do
say:

 **COUNT ONE - CONSPIRACY TO POSSESS WITH INTENT TO DISTRIBUTE AND TO
        DISTRIBUTE A CONTROLLED SUBSTANCE (METHAMPHETAMINE)**

1. As to Count One, Conspiracy to Possess with the Intent to
Distribute and to Distribute a Controlled Substance, we, the Jury,
find the Defendant, Jose Guadalupe Rojas-Guzman (place an X in the
appropriate box):


[ ] NOT GUILTY

[ ] GUILTY


      If you find the defendant not guilty, do not consider paragraph
2 below, but proceed to Count Two.  If you find the defendant guilty
as charged, proceed to paragraph 2 below.

2. We, the Jury, having found the defendant guilty of the offense charged in Count One, further unanimously find that he conspired to possess with intent to distribute methamphetamine in the amount shown (place an X in the appropriate box):

Pure Methamphetamine -
[ ]   Weighing 50 grams or more
[ ]   Weighing at least 5 grams but less than 50 grams
[ ]   Weighing less than 5 grams


**COUNT TWO - DISTRIBUTION OF A CONTROLLED SUBSTANCE (METHAMPHETAMINE)**
1. As to Count Two, Distribution of a Controlled Substance, we, the Jury, find the Defendant, Jose Guadalupe Rojas-Guzman (place an X in the appropriate box):

[ ] NOT GUILTY
[ ] GUILTY

    If you find the defendant not guilty, do not consider paragraph 2 below, but proceed to Count Three.  If you find the defendant guilty as charged, proceed to paragraph 2 below.

2. We, the Jury, having found the defendant guilty of the offense charged in Count Two, further unanimously find that he distributed

1  methamphetamine in the amount shown (place an X in the appropriate

2  box):

3

4  Pure Methamphetamine –

5  [ ]  Weighing 50 grams or more

6  [ ]  Weighing at least 5 grams but less than 50 grams

7  [ ]  Weighing less than 5 grams

8

9     **COUNT THREE - POSSESSION WITH INTENT TO DISTRIBUTE A CONTROLLED**
       **SUBSTANCE (METHAMPHETAMINE)**

10

11 1. As to Count Three, Possession with Intent to Distribute a

   Controlled Substance, we, the Jury, find the Defendant, Jose

12
   Guadalupe Rojas-Guzman (place an X in the appropriate box):
13

14
   [ ] NOT GUILTY
15
   [ ] GUILTY
16

17
       If you find the defendant not guilty, do not consider paragraph
18
   2 below, and your presiding juror should sign and date the form.  If
19
   you find the defendant guilty as charged, proceed to paragraph 2
20
   below.
21

22
   2. We, the Jury, having found the defendant guilty of the offense
23
   charged in Count Three, further unanimously find that he possessed
24
   with intent to distribute methamphetamine in the amount shown (place
25
   an X in the appropriate box):
26

27

28                              3

1   Pure Methamphetamine -

2   [  ]   Weighing 50 grams or more

3   [  ]   Weighing at least 5 grams but less than 50 grams

4   [  ]   Weighing less than 5 grams

5

6

7                     DATED this _____ day of December, 2011.

8

9                                    _____
                                     Presiding Juror

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                              4

1
2
3
4                        *UNITED STATES DISTRICT COURT*
5                            *DISTRICT OF NEVADA*
6
7   UNITED STATES OF AMERICA,          )    3:10-cr-00109-ECR-WGC
8                   Plaintiff,         )
9          v.                          )    VERDICT FORM
10  JOSE GUADALUPE ROJAS-GUZMAN,       )
11                  Defendant.         )
12  ───────────────────────────────   )
13
14          We, the jury, empaneled in the above-captioned case upon our oath do hereby state that we find
15  the following unanimous verdicts:
16                                  Count One
17          Our verdict as to Count One - Conspiracy to Possess with the Intent to Distribute and to
18  Distribute a Controlled Substance , in violation of Title 21, United States Code, Sections 841(a)(1) and
19  (b)(1)(A) and 846, and Aiding and Abetting in violation of Title 18, United States Code, Section 2, is as
20  follows:
21          Defendant Jose Guadalupe Rojas-Guzman        _____
22                                                            (Not Guilty / Guilty)
23
24          If you find the defendant(s) not guilty, do not consider the following paragraph, and proceed to
25  the next count.  If you find the defendant(s) guilty as charged, proceed to the next paragraph below.
26
27          We, the Jury, having found the defendant(s) guilty of the offense charged in Count One of the
28  superseding indictment, further unanimously find that he conspired to possess with intent to distribute
    methamphetamine in the amount shown (*place an X in the appropriate box*):

Pure Methamphetamine–

     (i)     Weighing 50 grams or more                [   ]

     (ii)    Weighing at least 5 grams but less than 50 grams    [   ]

     (iii)   Weighing less than 5 grams                [   ]

## Count Two

Our verdict as to Count Two - Distribution of a Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A), and Aiding and Abetting in violation of Title 18, United States Code, Section 2, is as follows:

Defendant Jose Guadalupe Rojas-Guzman       _____
                                                        (Not Guilty / Guilty

If you find the defendant not guilty, do not consider the following paragraph, and proceed to the next count.  If you find the defendant guilty as charged, proceed to the next paragraph below.

We, the Jury, having found the defendant guilty of the offense charged in Count Two of the superseding indictment, further unanimously find that he distributed methamphetamine in the amount shown (*place an X in the appropriate box*):

Pure Methamphetamine–

     (i)     Weighing 50 grams or more                [   ]

     (ii)    Weighing at least 5 grams but less than 50 grams    [   ]

     (iii)   Weighing less than 5 grams                [   ]

/ / /
/ / /
/ / /
/ / /

2

Count Three

Our verdict as to Count Three - Possession with Intent to Distribute a Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A), and Aiding and Abetting in violation of Title 18, United States Code, Section 2, is as follows:

Defendant Jose Guadalupe Rojas-Guzman                    _____
(Not Guilty / Guilty

If you find the defendant not guilty, do not consider the following paragraph, and proceed to the next count.  If you find the defendant guilty as charged, proceed to the next paragraph below.

We, the Jury, having found the defendant guilty of the offense charged in Count Three of the superseding indictment, further unanimously find that he possessed with the intent to distribute methamphetamine in the amount shown (*place an X in the appropriate box*):

Pure Methamphetamine–

| | | | |
|---|---|---|---|
| (i) | Weighing 50 grams or more | | [  ] |
| (ii) | Weighing at least 5 grams but less than 50 grams | | [  ] |
| (iii) | Weighing less than 5 grams | | [  ] |

DATED:_____

_____
Foreman of the Jury